# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**PNC BANK, NATIONAL ASSOCIATION,**

        **Plaintiff,**

v.                                   Case No:  6:17-cv-1433-Orl-31DCI

**SUITE 208 HOLDINGS, LLC.,
RICHARD POWELL, SR. , RICHARD
POWELL, JR. , JOSEF POWELL and
FRANTZ ALPHONSE,**

        **Defendants.**

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **VERIFIED MOTION FOR ATTORNEY'S FEES AND FOR EXTENSION OF TIME TO SEEK ADDITIONAL FEES (Doc. 44)** |
| **FILED:** | **June 28, 2018** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part** and **DENIED in part**.

**I.**      ***Background***

This case stems from two loans that PNC Bank, N.A.'s (Plaintiff) predecessor, RBC Centura Bank (RBC),[1] extended to Suite 208 Holdings, LLC (Suite 208) in May 2007 (collectively, the Loans), as well as a line of credit that Plaintiff extended to Suite 208 in November 2012.  Docs.

---

[1] RBC merged with and into Plaintiff on March 2, 2012.  Doc. 1-1 at 2.

1; 1-1 at 8-11; 41-48; 78-81.  The principal amount of the first loan (Loan 1) was $195,000.00, with an interest rate of 8.45% per annum.  Doc. 1-1 at 8.  The principal amount of the second loan (Loan 2) was $53,325.57, with an interest rate of 8.25% per annum.  Doc. 1-1 at 41.  The line of credit had a limit of $25,000.00.  Doc. 1-1 at 78.  Suite 208 executed promissory notes in relation to each of the Loans and the line of credit.  Doc. 1-1 at 8-11, 41-48, 78-81.  The Loans and the line of credit were each secured by guarantees executed by Richard Powell, Sr., Richard Powell, Jr., Josef Powell, and Frantz Alphonse (collectively, the Individual Defendants).  Docs. 1; 1-1 at 24-39, 61-76, 83-98.  The Loans were also secured by separate mortgages on real property located at 6000 Metrowest Blvd., Suite 208, Orlando, Florida 32835 (the Metrowest Property).  Docs. 1; 1-1 at 13-22, 50-59.

Plaintiff alleged that Suite 208 and the Individual Defendants (collectively, the Defendants) have not made monthly payments on Loan 1 since December 25, 2016.  Doc. 1 at ¶ 21.  Thus, Plaintiff alleges that Suite 208 is in default under Loan 1, and, based on the terms of Loan 2, Suite 208 is in default under Loan 2, which, as of November 2014, included the debt accrued under the line of credit opened in November 2012.  *Id*. at ¶ 22; *see* Doc. 1-1 at 102.  Plaintiff, likewise, alleged that the Individual Defendants have breached their respective guarantees by failing to make payments on the Loans.  Doc. 1 at ¶¶ 32, 38, 44, 50, 71, 77, 83, 89.  On March 23, 2017, Plaintiff sent Defendants a letter notifying them of the default, and demanded the remaining balances on Loan 1, which, according to the letter, had a principal balance of $150,138.52, and Loan 2, which, at that time, had a principal balance of $15,219.35, be paid in full no later than April 7, 2017.  Docs. 1 at ¶ 23; 1-1 at 104-111.  Defendants failed to pay the remaining balances on the Loans.  *See* Doc. 1.

Plaintiff filed a complaint against Defendants asserting the following claims:

<u>Claims related to Loan 1</u>:
- Count I – Breach of contract against Suite 208;
- Count II – Breach of guaranty against Richard Powell, Sr.;
- Count III – Breach of guaranty against Richard Powell, Jr.;
- Count IV – Breach of guaranty against Josef Powell;
- Count V – Breach of guaranty against Frantz Alphonse; and
- Count VI – Foreclosure.

<u>Claims related to Loan 2</u>:
- Count VII – Breach of contract against Suite 208;
- Count VIII – Breach of guaranty against Richard Powell, Sr.;
- Count IX – Breach of guaranty against Richard Powell, Jr.;
- Count X – Breach of guaranty against Josef Powell;
- Count XI – Breach of guaranty against Frantz Alphonse; and
- Count XII – Foreclosure.

Doc. 1.  In light of the foregoing claims, Plaintiff requested: 1) an award of damages against Defendants with respect to Loan 1 totaling $158,715.48, plus interest thereafter at a rate of $35.24 per diem; 2) foreclosure of the first mortgage on the Metrowest Property; 3) an award of damages against Defendants with respect to Loan 2 totaling $14,701.06, plus interest thereafter at a rate of $3.53 per diem; and 4) foreclosure of the second mortgage on the Metrowest Property.  *Id.*

Plaintiff served Defendants in August 2017, and none of them appeared to defend this action in the time provided under the Federal Rules of Civil Procedure.  Docs. 11; 17; 20; 27; 33.  Thus, Plaintiff moved for default against Defendants, and the Clerk subsequently entered default against Defendants.  Docs. 13; 16; 19; 24; 29.  However, the Court was required to vacate the Clerk's first entry of default as to Defendant Josef Powell because the return of service was insufficient.  Doc. 26.

On September 28, 2017, Plaintiff filed a "Motion for Default Summary Judgment."  Doc. 30.  The Court construed that motion as a motion for default judgment and denied that motion without prejudice because: "1) it [was] unclear whether the Court has subject matter jurisdiction over this case; 2) it [was] unclear whether Plaintiff served Richard Powell, Jr.; and 3) the Motion [did] not contain a proper memorandum of law."  Doc. 32 at 5.

On December 21, 2017, Plaintiff filed a "Renewed Motion for Default Summary Judgment," which the Court again construed as a motion for default judgment. Doc. 34. As noted in both the Court's Order denying the first motion and the Report recommending granting in part the renewed motion, Plaintiff's unexplained insistence on moving for "default summary judgment" and mixing the legal standards for both default judgment and summary judgment muddied the waters in this case and resulted in the expenditure of unnecessary resources. *See* Doc. 32 at 7 n.5; Doc. 36 at 4. Further, while the undersigned filed a Report recommending that the Court grant the renewed motion for default judgment (*see* Docs. 34; 36), Plaintiff then filed a motion (Doc. 38) for the Court to reconsider that Report; a motion necessitated by an error by Plaintiff contained within its renewed motion. *See* Doc. 39. Ultimately, the undersigned entered an Amended Report and Recommendation (Doc. 40) that was adopted by the Court (Doc. 41).

Following entry of judgment (Doc. 48), Plaintiff filed a Verified Motion for Attorney's Fees and For Extension of Time to Seek Additional Fees. Doc. 44 (the Motion). In the Motion, Plaintiff seeks attorney fees in the amount of $13,690.00.[2] *Id.* Plaintiff attached to the Motion the affidavits of the two attorneys whose fees Plaintiff seeks to recover, as well as the billing records for those attorneys and a paralegal. Doc. 44-1. Plaintiff seeks the following fees:

|  | Hours | Rate | Total |
| --- | --- | --- | --- |
| Robert McIntosh, Esq. | 19.6 | $200.00 | $3,920.00 |
| Adam B. Cooke, Esq. | 48.6 | $200.00 | $9,720.00 |
| Christine Pagan (paralegal) | 0.5 | $100.00 | $50.00 |
|  |  |  | $13,690.00 |

---

[2] While Plaintiff purports to seek $13,830.00 in attorney fees, this must certainly be an error, because the amounts specified in both the Motion and the individual affidavits equal $13,690.00.

## II.     *Discussion*

### a. **Entitlement to Attorney Fees**

The instruments at issue in this case provide that Plaintiff is entitled to its reasonable attorney fees incurred in attempting to collect on the Loans, and the Court has already determined that Plaintiff is entitled to such fees. *See* Docs. 40 (citing Doc. 1-1 at 9, 18, 26, 30, 34, 38, 42, 55, 63, 67, 71, 75); 41.

### b. **Reasonableness of Requested Attorney Fee**

"Where the right to attorneys' fees and costs sounds in state law and reaches this Court by way of federal diversity jurisdiction, [the court applies] the substantive law of the forum state." *Dependable Component Supply, Inc. v. Carrefour Informatique Tremblant, Inc.*, 572 F. App'x 796, 801 (11th Cir. 2014) (citing *Trans Coastal Roofing Co. v. David Boland, Inc.*, 309 F.3d 758, 760 (11th Cir. 2002)); *see also Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1148 (11th Cir. 1993) (discussing attorney fee provisions in mortgages and notes and stating that "[i]n determining the fees to which the payees are entitled, we look to the law of the state in which the security instruments were executed."). The promissory notes, guarantees, and mortgages provide that, to the extent not preempted by federal law, they are governed by Florida law. Doc. 1-1 at 9, 19, 26, 30, 34, 38, 42, 56, 63, 67, 71, 75. Thus, the undersigned will apply Florida law in addressing Plaintiff's attorney fee request.

Florida has adopted the federal lodestar method for calculating reasonable attorney fees. *See e.g.*, *Fla. Patient's Comp. Fund v. Rowe*, 472 So.2d 1145, 1150 (Fla. 1985). The "lodestar" method entails multiplying the number of hours reasonably expended by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The party moving for fees has the burden of

establishing that the hourly rates and hours expended are reasonable. *See Norman v. Hous. Auth. of the City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988).

"[A] reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996) (quotations and citation omitted). In determining if the requested rate is reasonable, the Court may consider the applicable *Johnson* factors and may rely on its own knowledge and experience. *Norman*, 836 F.2d at 1299-1300, 1303 ("The court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.") (quotations and citation omitted); *see Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[3] "The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates," which must be more than just "the affidavit of the attorney performing the work." *Norman*, 836 F.2d at 1299 (citations omitted). Instead, satisfactory evidence generally includes evidence of the rates charged by lawyers in similar circumstances or opinion evidence of reasonable rates. *Id.*

---

[3] The *Johnson* factors are: 1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the skill requisite to perform the legal services properly; 4) the preclusion of other employment by the attorney due to acceptance of the case; 5) the customary fee in the community; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation, and the ability of the attorney; 10) the "undesirability" of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases. *Johnson*, 488 F.2d at 717-19. The Eleventh Circuit has subsequently explained that "district courts may, but are not required to, consider [the *Johnson*] factors since many 'usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate.'" *Mock v. Bell Helicopter Textron, Inc.*, 456 F. App'x 799, 801 (11th Cir. 2012) (quoting *ADA v. Neptune Designs, Inc.*, 469 F.3d 1357, 1359 n.1 (11th Cir. 2006)).

As for the hours reasonably expended, counsel must exercise proper "billing judgment" and exclude hours that are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. In demonstrating that their hours are reasonable, counsel "should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303. "If fee applicants do not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are excessive, redundant, or otherwise unnecessary." *Barnes*, 168 F.3d at 428 (quotations omitted). But in cases where the fee motion and supporting documents are voluminous, an hour-by-hour analysis by the court is not required, and the court may apply across-the-board percentage cuts in the number of hours so long as the court provides a concise but clear explanation of its reasons for the reduction. *Loranger v. Stierheim*, 10 F.3d 776, 783 (11th Cir. 1994). There is a strong presumption that the lodestar figure is reasonable. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553-54 (2010).

   *i. Reasonable Hourly Rates*

Here, Plaintiff seeks a rate of $200 per hour for attorney work performed by partners and $100 per hour for paralegal work. Plaintiff argued that lead counsel, Mr. McIntosh, has over 40 years' experience practicing in state and federal court and is a Board Certified Civil Trial Lawyer. Plaintiff argued that co-counsel, Mr. Cooke, has approximately 15 years' experience practicing law and is board certified in Admiralty and Maritime law. This case involves the foreclose of real property, and there is no opposition to the requested hourly rate. The undersigned, drawing on the Court's experience deciding these disputes as well as the submitted documentation and the lack of an opposition to the requested rates, finds that the requested rates are reasonable in this case as to

Mr. McIntosh and Mr. Cooke. As to the paralegal, Ms. Pagan, Plaintiff seeks a rate of $100 per hour, but provides no specific justification for that rate. Drawing upon the Court's experience deciding these disputes as well as the submitted documentation, the Court finds that rate to be unreasonable, and determines that a reasonable rate would be $85 per hour.

      ii.      *Reasonable Number of Hours Billed*

In the Motion, Plaintiff seeks recovery for a total of 68.2 hours of attorney work and 0.5 hours of paralegal work. To establish the reasonableness of the hours billed, Plaintiff relies entirely upon the affidavit of Mr. McIntosh. *See* Doc. 44 at 4. In that affidavit, the support Mr. McIntosh gives concerning the reasonableness of the hours billed is only the following:

> The time expended by my staff and I was necessary to perform the work in prosecuting the above-referenced case.
>
> In light of the demands of this case and the result obtained, the time and fees charges [sic] were reasonable and necessary.

Doc. 44-1 at 3. In addition, Plaintiff attached to its request the billing records for this case. Doc. 44-1 at 9-39.

The undersigned has reviewed the billing records and finds that Plaintiff has failed to demonstrate that many of the hours billed are reasonable and, in fact, that many hours billed were "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. In particular, as noted at the outset of this Report, Plaintiff unnecessarily extended these proceedings by filing a deficient affidavit of service (see Doc. 26), filing a facially deficient motion for default judgment that failed to comply with this Court's Local Rules (see Doc. 32), filing a renewed motion for default judgment that continued to mix the legal standards and relief sought (see Doc. 36), and filing a motion for reconsideration that was premised upon an error in Plaintiff's renewed motion (see Doc. 39). In the context of a contractual fee-shifting provision, the undersigned cannot

recommend that Defendants bear the full burden of attorney fees associated with additional litigation caused solely by the manner in which Plaintiff litigated this case. In addition, Plaintiff has given no explanation as to why Defendants should bear the cost of several billable-time entries involving discussions between Plaintiff and counsel concerning the time it took to prosecute this case successfully. Further, in the Report recommending that the renewed motion for default judgment be granted, the undersigned denied Plaintiff's request for attorney fees without prejudice, noting that "Plaintiff has failed to demonstrate[] that its attorney fees . . . are reasonable." Doc. 41 at 13 (citing to Docs. 34; 34-1). Ultimately, it is Plaintiff's burden to establish that the hours expended are reasonable. *See Norman*, 836 F.2d at 1303.

Here, Plaintiff has provided no explanation as to why the hours expended were reasonable other than the conclusory statements of counsel involved in billing those hours and the billing records themselves. Accordingly, based upon the foregoing discussion, the undersigned finds that, as to Mr. Cooke, Plaintiff has failed to establish that the following hours billed were reasonable:

| Hours related to: | Number of hours: | Related billing records located at: |
|---|---|---|
| Order Vacating Clerk's Default | 1.9 | Doc. 44-1 at 13 |
| Order Denying "Motion for Default Summary Judgment" | 8.7 | Doc. 44-1 at 14-16 |
| Motion for Reconsideration re Scrivener's Error | 0.1 | Doc. 44-1 at 17 |
| "Moving the case forward" | 0.7 | Doc. 44-1 at 18 |
|  |  |  |
| Total = | 11.4 hours |  |

The undersigned finds that the foregoing hours were excessive, redundant, or otherwise unnecessary, and that a reasonable number of hours expended by Mr. Cooke in this case is 37.2 hours. In addition, based upon the foregoing discussion, the undersigned finds that, as to Mr. McIntosh, Plaintiff has failed to establish that the following hours billed were reasonable:

| Hours related to: | Number of hours: | Related billing records located at: |
|---|---|---|
| Order Vacating Clerk's Default | 0.3 | Doc. 44-1 at 26 |
| Order Denying "Motion for Default Summary Judgment" | 0.6 | Doc. 44-1 at 34 |
| Motion for Reconsideration re Scrivener's Error | 0.3 | Doc. 44-1 at 38 |
| "Moving the case forward" | 1.0 | Doc. 44-1 at 36-38 |
| | | |
| Total = | 2.2 hours | |

The undersigned finds that the foregoing hours were excessive, redundant, or otherwise unnecessary, and that a reasonable number of hours expended by Mr. Cooke in this case is 17.4 hours. The undersigned finds that the 0.5 hours expended by Ms. Pagan were reasonable.

In sum, the undersigned recommends that Plaintiff be awarded attorney fees as follows:

| | Hours | Rate | Total |
|---|---|---|---|
| Robert McIntosh, Esq. | 17.4 | $200.00 | $3,480.00 |
| Adam B. Cooke, Esq. | 37.2 | $200.00 | $7,440.00 |
| Christine Pagan (paralegal) | 0.5 | $85.00 | $42.50 |
| | | | $10,962.50 |

### III. Conclusion

Accordingly, the undersigned respectfully **RECOMMENDS** that:

1. The Motion (Doc. 44) be **GRANTED in part** to the extent that the Court award Plaintiff a total of **$10,962.50** in attorney fees against Defendants;

2. Plaintiff be permitted to file a supplemental motion for attorney fees incurred between the filing of the Motion (Doc. 14) and the final confirmation of the foreclosure sale,

provided that supplemental motion is filed on or before the fourteenth day after the date of the confirmation of the final foreclosure sale; and

3. The Motion (Doc. 44) otherwise be **DENIED**.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on September 4, 2018.

_____
DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy